IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Antonio Craig, N91737, | ) | |
| | ) | |
| Petitioner, | ) | Case No: 18 CV 00639 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Robert Mueller, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

For the following reasons, petitioner's 28 U.S.C. § 2254 petition [1] is denied. The court declines to issue a certificate of appealability. This matter is terminated.

## STATEMENT-OPINION

On December 18, 2017, petitioner Antonio Craig filed a 28 U.S.C. § 2254 petition challenging his state court judgment of conviction. *See* [1]. Following a transfer of the case to the Northern District of Illinois, Western Division, respondent filed a motion to dismiss petitioner's petition (which the court takes as a response to the petition) on May 23, 2018 [20], along with the state court record [21]. Petitioner was given the opportunity to present a reply by June 29, 2018. *See* [19]. Having not received a reply from petitioner, the court now addresses the petition as briefed.

**Procedural History**

Following a jury trial in the Circuit Court of Winnebago County where petitioner was found guilty of attempt murder and aggravated battery with a firearm, on March 8, 1994, the state court sentenced petitioner to 90 years and 20 years, to be served concurrently. On direct appeal, the Illinois Appellate Court remanded the matter for resentencing on the attempt murder conviction. On January 29, 1997, the Illinois Supreme Court denied petitioner's petition for leave to appeal. On remand from the appellate court, the circuit court resentenced petitioner to 60 years imprisonment on the attempt murder conviction and vacated petitioner's conviction for aggravated battery with a firearm. Petitioner appealed, arguing the circuit court should have vacated his conviction for attempt murder instead of his conviction for aggravated battery with a firearm. The appellate court in response reinstated petitioner's aggravated battery with a firearm conviction. On October 4, 2000, the Illinois Supreme Court denied petitioner's petition for leave to appeal that decision.

Additionally, petitioner filed a motion in the circuit court for post-conviction relief (during the pendency of the direct appeal) which the court granted on petitioner's claim that his

1

aggravated battery with a firearm conviction should be vacated under Illinois' "one act, one crime" doctrine, and denied petitioner any other relief. The appellate court vacated the denial of petitioner's post-conviction relief and remanded the matter back to the trial court to address the issue of whether petitioner received conflict-free representation at the post-conviction level. The circuit court then conducted a hearing and determined that petitioner's post-conviction counsel was appropriate and denied petitioner post-conviction relief. On November 30, 2011, the appellate court affirmed the circuit court's denial of post-conviction relief after petitioner's counsel moved to withdraw based on a conclusion that an appeal of the conflict issue would be frivolous.

On April 19, 2016, the circuit court dismissed petitioner's motion for forensic testing. On January 3, 2017, the circuit court dismissed petitioner's state habeas corpus complaint alleging that his attempt murder conviction must be vacated under the "one act, one crime" doctrine. And on August 22, 2017, the circuit court dismissed petitioner's petition for relief from judgment without prejudice for failure to perfect service. Petitioner took no further action on the petition.

On December 18, 2017, petitioner filed the present habeas corpus petition under 28 U.S.C. § 2254. Petitioner's petition argues the circuit court exceeded its jurisdiction when it vacated petitioner's conviction for aggravated battery with a firearm; petitioner's concurrent sentence violates the state's "one act, one crime" doctrine; petitioner was denied effective assistance of post-conviction counsel; his convictions rest on perjured testimony; and exclusion of evidence resulted in a denial of petitioner's right to due process.

**Analysis**

28 U.S.C. § 2254 limits a federal district court's ability to grant habeas relief to state prisoners. Relief will not be granted unless the court determines that a state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. . ." 28 U.S.C. § 2254 (d)(1)-(2). The time to file a federal habeas corpus motion is governed by 28 U.S.C. § 2244. Under that section, "[a] 1-year… limitations period shall run from…the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 244(d)(1)(A). However, the statute also allows for the filing of post-conviction relief and stays the period of limitations accordingly. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations." § 2244(d)(2).

The court agrees with respondent that the statute of limitations on petitioner's habeas corpus began to run upon the disposition of his post-conviction petition. The Illinois Appellate Court affirmed the circuit court's denial of post-conviction relief on November 30, 2011. Therefore, petitioner had until December 30, 2012 to file federal habeas relief under 28 U.S.C. § 2254 (taking into consideration the 30 days available to petitioner to appeal to the Illinois

Supreme Court).  Because petitioner filed his petition on December 18, 2017, the limitations period has expired, and the court dismisses petitioner's petition as untimely.[1]

**Certificate of Appealability.**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings For the United States District Courts, the court declines to issue a certificate of appealability.  A certificate may issue only if defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The court finds that while defendant has attempted to raise constitutional claims, his claims are procedurally defaulted and the court does not find that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *See Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted).  As such, the court declines to issue a certificate of appealability.  This matter is terminated.

Date: 09/17/2018             ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)

---

[1] As noted, petitioner has failed to file a reply to respondent's response to the petition which could have potentially raised the issue of equitable tolling.  Nevertheless, the court's review of the record does not appear to provide support for an equitable tolling argument.